UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH TYLER LITTLEFIELD,

             Plaintiff,

    v.

GERMEAU AND AMBER BATES,

             Defendant.

CASE NO. 3:21-CV-5451-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: November 26, 2021

This is a civil rights action brought by a *pro se* Plaintiff Joseph Littlefield, appearing *in forma pauperis*, seeking redress pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights. Pending before this Court is Defendants' Motion to Dismiss the Complaint for Failure to State a Claim. Dkt. 13.

<u>BACKGROUND</u>

I.     Procedural Background

On September 13, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. Dkt. 13. On October 3, 2021, Plaintiff filed a motion requesting

1    permission to file a late response.[1] *See* Dkt. 15 at 2. On October 24, 2021, Plaintiff then filed his

2    response (Dkt. 16) and on October 28, 2021, Defendants filed a reply (Dkt. 17).

3        II.    Factual Background

4        Plaintiff claims Defendants—employees of the Clallam Bay Corrections Center in

5    Clallam Bay, Washington—denied his First Amendment right to association by preventing his

6    mother from visiting him in prison "the entire calendar month of May" 2021. Dkt. 7 at 3, 4-6.

7    Plaintiff alleges that when he asked his counselor, Defendant Amber Bates (Defendant Bates),

8    for assistance she was "extremely unhelpful" and "intentionally unprofessional and hostile

9    towards [him], to a degree of neglect, deliberate indifference and criminal violation of rights

10   afforded to incarcerated individuals." Dkt. 7 at 7. Plaintiff then sent a kite to Defendant Tanner

11   Germeau (Defendant Germeau), but he did not receive a response, allegedly constituting a

12   further demonstration of "deliberate indifference." Dkt. 7 at 8-9.

13                                STANDARD

14       A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be

15   granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right

16   to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

17   Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a

18   cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir.

19   2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

20

21   _____

22       [1] Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline for good cause if
     the motion is made before the deadline. In this case, Plaintiff's Response to the pending motion was due October 4,
     2021. Since Plaintiff's motion was made one day before the deadline, this Court need only find good cause to grant
23   it. Local Civil Rule (LCR) 7(d). According to Plaintiff, the reason he requires an extension is that "technical
     difficulties with the Lexis-Nexis Legal Access Network" prevented him from researching and citing "relevant
     caselaw." Dkt. 15 at 2. Since Defendants do not object and the pending motion is dispositive, the Court finds good
24   cause and grants the extension.

REPORT AND RECOMMENDATION - 2

1  sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901

2  F.2d 696, 699 (9th Cir. 1990).

3       While the Court must accept all the allegations contained in a complaint as true, the Court

4  does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare

5  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

6  suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.

7  1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state

8  section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to

9  construe a complaint liberally, such construction "may not supply essential elements of the claim

10  that were not initially pled." *Pena*, 976 F.2d at 471.

11  <u>DISCUSSION</u>

12       Defendants move to dismiss Plaintiff's Complaint on the basis that he has failed to allege

13  a violation of any rights guaranteed by the United States Constitution, and because Plaintiff fails

14  to allege Defendants personally participated in depriving him of visitors during the month of

15  May 2021. Dkt. 13 at 3-4.

16       To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a

17  violation of rights protected by the Constitution or created by federal statute; and, (2) the

18  violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

19  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a 42 U.S.C. § 1983 claim is

20  therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510

21  U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how

22  individually named defendants caused, or personally participated in causing, the harm alleged in

23

24

1  the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d

2  1350, 1355 (9th Cir. 1981).

3      I.    <u>Plaintiff fails to allege a Constitutional violation.</u>

4          a.  No Constitutional Right to Visitors

5         Defendants correctly contend that Plaintiff does not have an unfettered right to associate

6  with anyone while incarcerated. *See Dunn v. Castro*, 621 F.3d 1196, 1202 (9th Cir. 2010)

7  (finding no clearly established right to visitation); *see also Kentucky Dep't of Corrs. v.*

8  *Thompson*, 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor is well

9  within the terms of confinement ordinarily contemplated by a prison sentence."); *see also Jones*

10 *v. North Carolina Prisoners' Labor Union, Inc*., 433 U.S. 119, 125 (1977) (recognizing the

11 curtailment of inmates' right to association).

12        Plaintiff fails to mount a challenge to this clearly established law. Instead, based upon an

13 out-of-district case granting summary judgment against a prospective prison visitor who claimed

14 her constitutional rights were violated when she was permanently banned from visiting her

15 husband, Plaintiff argues his mother was unable to visit him due to an invalid prison policy. Dkt.

16 16 at 5; *Smith v. Mathews*, 793 F. Supp. 998, 1000 (D. Kansas May 18, 1992)(noting prisoners

17 do not have an absolute right to association and that visitation may be restricted for various

18 legitimate penological interests). This argument is inapposite to Plaintiff's allegation that his

19 mother was unable to visit due to an inability to schedule an appointment on the prison visitation

20 website, not due to a prison policy. In any case, it does not change the fact that Plaintiff does not

21 have a constitutional right to visitors.

22 ///

23 ///

24

1          b.   No Constitutional Right to Courteous Prison Staff

2           Although Plaintiff does not expressly allege a violation of his right to helpful prison staff

3 (Dkt. 7 at 4), he does accuse Defendants of intentional and deliberate discourteousness. *See* Dkt.

4 7 at 7-9. For this reason, Defendant took pains to note that inmates do not have any right—much

5 less one guaranteed by the United States Constitution—to courteous prison staff. Dkt. 13 at 5.

6 Indeed, the law in this Circuit is well established that even assuming Plaintiff could prove

7 Defendants were openly hostile to him regarding his complaint about the visitation scheduling

8 website, he still would not have established a violation of his constitutional rights. *See e.g.*,

9 *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (concluding that verbal harassment

10 or abuse is insufficient to show constitutional deprivation under section 1983); *see also Gaut v.*

11 *Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curium) (holding that threats do not violate

12 inmates' constitutional rights).

13   II.    <u>Plaintiff fails to sufficiently allege personal participation by Defendants</u>.

14           According to Defendants, they had nothing to do with Plaintiff's mother's alleged

15 inability to schedule a visit with him in May 2021, and even Plaintiff fails to allege that they did.

16 Dkt. 13 at 3. Instead, Defendants contend that "the problem [was caused by] either the

17 scheduling website or user error," but not by their own acts or omissions. *Id.*

18           Indeed, Plaintiff alleges that his mother was unable to do so "because of various

19 problems she was encountering on the visitation scheduling section of the WADOC website."

20 Dkt. 7 at 6. After struggling with the system for about 15 minutes, Plaintiff's mother allegedly

21 completed her request to visit Plaintiff, only to be told "via a message from the website" that her

22 visit was denied because Plaintiff had already reached the maximum number of visits for the

23 month. Dkt. 7 at 6. Plaintiff then alleges that Defendant Bates was rude to him when he reported

24

1  the problem to her (Dkt. 7 at 7), and that Defendant Germeau ignored him and failed to resolve

2  the problem (Dkt. 7 at 8-9).

3       In his response in opposition to the pending motion Plaintiff argues the Court may "draw

4  the reasonable inference that Defendants are liable for the misconduct alleged." Dkt. 16 at 2. Yet,

5  the reasonable inference from the facts as alleged and argued by Plaintiff do not personally

6  implicate Defendants. Instead, the Court reasonably infers from the following allegations that

7  visitation had been closed until late April 2021, and the website had likely become outdated in

8  some respects, such that when it came back online prosecutive visitors experienced technical

9  issues attempting to schedule visits with many inmates, not just with Plaintiff:

10       ·    On or about April 21, 2021, visitation for all Department of Corrections
11            Facilities was reopened and WADC offenders were able to be scheduled for
             visitation." Dkt. 7 at 5.

12       ·    "Upon notification of visitation being available, an associate of Plaintiff …
13            attempted to schedule visitation with Plaintiff during a phone conversation on
             [approximately] May 9, 2021, and stated she was unable to do this because of
             various problems she was encountering on the visitation scheduling section of the
14            WADOC website." *Id*. at 6.

15       ·    Plaintiff suspected the issues his "associate" experienced were due to "an
16            error on the part of the Public Access Department [of] which Defendant Germeau
             is the Supervisor." *Id*.

17       ·    Plaintiff allegedly contacted Defendant Bates (though he does not indicate
18            in what manner this was accomplished) on May 9, 2021, to complain about this
             issue. *Id*. at 7.

19       ·    "After being denied any assistance by Defendant Bates and directed to
20            Defendant Germeau" Plaintiff sent Defendant Germeau a kite "attempting to
             inform him of the error by this Department that was obstructing Plaintiff's ability
             to associate and in an attempt to initiate a rectification of the situation in a timely
21            manner…". *Id*. at 8.

22       ·    Defendant did not receive a response from Defendant Germeau. *Id*. at 9.

23       ·    "Contrary to the statements made by Defendants … Defendant Germeau
24            was 'in the office' and chose to ignore Plaintiff's kites. This assertion is based upon

1    several emails exchanged between Defendant Germeau and an associate of Plaintiff
2    who attempted to contact Germeau to fix the problem." Dkt. 16 at 4.

3        In sum, these allegations do not support a reasonable inference that Defendants Bates and

4    Germeau were in any way responsible for the website issue, nor that they made zero effort to

5    communicate the issue to the appropriate personnel. Moreover, a section 1983 claim may not rest

6    on the sole theory that a supervisor is liable for the acts of his or her subordinates. *Polk County v.*

7    *Dodson*, 454 U.S. 312, 325 (1981); *Monell v. New York City Dep't of Social Servs.*, 436 U.S.

8    658, 691 (1978). Rather, a plaintiff must show the individual defendant participated in or

9    directed the alleged harm, or knew of the harm and failed to act to prevent it. *See Barren v.*

10    *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

11        In conclusion, this Court finds Plaintiff has failed to state a valid 42 U.S.C. § 1983 claim.

12                                    IFP ON APPEAL

13        Finally, Plaintiff is proceeding *in forma pauperis* (IFP) in this case. Dkt. 6. IFP status on

14    appeal shall not be granted if the district court certifies "before or after the notice of appeal is

15    filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28

16    U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an

17    issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or

18    fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319,

19    325 (1989).

20        Here, the law is clear that Plaintiff does not have an unfettered constitutional right to

21    visitors in prison, and an appeal of this issue would be frivolous. As such, the Court recommends

22    Plaintiff's IFP status be revoked for purposes of any appeal.

23    ///

24    ///

CONCLUSION

Based on the foregoing, the Court recommends GRANTING Defendants' Motion to Dismiss (Dkt. 13), with prejudice, GRANTING Plaintiff's Motion for and Extension of the Deadline to Submit Response (Dkt. 15), and DENYING as moot Plaintiff's Motion to Amend (to correct the spelling of) Defendant (Germeau's) Name (Dkt. 18).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 26, 2021, as noted in the caption.

Dated this 8th day of November, 2021.

David W. Christel
United States Magistrate Judge